IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| DANA GILSTRAP, ) | |
| 18595 Hosta Lane ) | |
| Cathage, MO 64836 ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | Division No. |
| ) | |
| ADVANCED CREDIT RECOVERY, INC, ) | |
| 6000 N. Bailey Ave. ) | |
| Amherst, NY 14226 ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

DANA GILSTRAP (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against the ADVANCED CREDIT RECOVERY, INC. (Defendant):

### INTRODUCTION

1. Plaintiff's Verified Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

VERIFIED COMPLAINT 1

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because does business in the state of Missouri, therefore, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2).*

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202.*

## PARTIES

8. Plaintiff is a natural person who resides in Cathage, Jasper County, Missouri, and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3).*

9. According to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5).*

10. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency with an office in Amherst, Erie County, New York.

12. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

13. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

14. Defendant constantly and continuously places collection calls to Plaintiff's work seeking and demanding payment of an alleged consumer debt.

15. Defendant calls Plaintiff from 716-541-6825.

16. Defendant calls Plaintiff at 417-673-6080, her place of employment.

17. On December 11, 2009, Plaintiff called Defendant and informed Defendant's collector, "Frank Hughes," that she not receive personal calls to her place of employment.

18. During the call on December 11, 2009, with "Frank Hughes" Plaintiff was informed that until she made a payment Defendant would call her boss, Dr. Dustin Storm, every day.

19. "Frank Hughes" informed Plaintiff that he worked for an attorney's office, not a third party collection agency, and that Plaintiff would be taken to court if payment was not made.

20. "Frank Hughes" failed to inform Plaintiff that the call was from a debt collector.

21. "Frank Hughes" informed Plaintiff that she committed a felony.

22. Defendant is, in fact, a collection agency, not a law firm.

23. Defendant called Plaintiff's friend, Guyla Anderson, and stated that Plaintiff owes a debt for writing bad checks.

24. Defendant called Guyla Anderson on more than one occasion.

25. To date, Plaintiff has not received any written correspondence from Defendant.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

26. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(1)* of the FDCPA by calling Guyla Anderson and failing to identify itself and state that he is confirming or correcting location information concerning Plaintiff.

    b. Defendant violated *§1692b(2)* of the FDCPA by calling Guyla Anderson and stating that Plaintiff owes a debt for writing bad checks.

    c. Defendant violated *§1692b(3)* of the FDCPA by calling Guyla Anderson on more than one occasion when not requested to do so and without reasonable belief that the earlier response of Guyla Anderson was erroneous or incomplete.

    d. Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff after her place of employment when Defendant knew that Plaintiff was not permitted to receive personal calls at work.

    e. Defendant violated *§1692c(b)* of the FDCPA by communicating with Guyla Anderson in connection with the collection of Plaintiff's debt.

    f. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

    g. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring

repeatedly or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass the Plaintiff.

h. Defendant violated *§1692e(3)* of the FDCPA when "Frank Hughes" informed Plaintiff that he was calling from an attorney's office and not a third party collection agency.

i. Defendant violated *§1692e(5)* of the FDCPA by threatening to take Plaintiff to court when such action was not intended to be taken.

j. Defendant violated *§1692e(7)* of the FDCPA by falsely representing that Plaintiff committed a felony for writing bad checks in order to disgrace Plaintiff.

k. Defendant violated *§1692e(10)* of the FDCPA by falsely representing that Defendant could call Plaintiff's employer every day despite her request not to receive personal calls at work.

l. Defendant violated *§1692e(10)* of the FDCPA by representing that if Plaintiff does not respond a "claim will be filed in Bernalillo County," the county in which Plaintiff resides.

m. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector.

n. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt

collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, DANA GILSTRAP, respectfully requests judgment be entered against Defendant, ADVANCED CREDIT RECOVERY, INC., for the following:

27. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

28. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

29. Actual damages,

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

31. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:/s/ Patrick Cuezze
[ ] Patrick Cuezze
Attorney for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison Street
10th Floor
Chicago, IL 60602
(816) 931-0911 (direct)
e-mail: patrick@cuezzelaw.com

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DANA GILSTRAP, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSOURI)

Plaintiff, DANA GILSTRAP, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DANA GILSTRAP, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

____1|5|10____                          ____Dana C. Gilstrap____
    Date                                     DANA GILSTRAP